8 F.3d 822
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Lorenzo Edward THOMPSON, a/k/a Bay, Defendant-Appellant.
 No. 93-5353.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: September 27, 1993.
Decided: October 15, 1993.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Beckley. Elizabeth V. Hallanan, District Judge. (CR-92-302)
 Louise Goldston Staton, Moler, Staton, Staton & Houck, Mullens, West Virginia, for Appellant.
 Michael W. Carey, United States Attorney, Hunter P. Smith, Jr., Assistant United States Attorney, Charleston, West Virginia, for Appellee.
 S.D.W.Va.
 AFFIRMED.
 Before RUSSELL and MURNAGHAN, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Lorenzo Edward Thompson appeals the sentence imposed on him following his guilty plea to conspiracy to distribute cocaine base ("crack") in violation of 21 U.S.C.A. § 846 (West 1981 & Supp. 1993). Finding no clear error in the district court's determination that he had not accepted responsibility,* we affirm.
 
 
 2
 When police officers approached Thompson to arrest him on an outstanding warrant for driving on a suspended license, Thompson fled, throwing down a bottle of crack cocaine as he went. He was later found to be carrying a plastic bag of marijuana, a pager, cigarette rolling papers, and $215 in cash. Thompson was detained after his indictment, but was released with restrictive conditions in February 1993. On February 24, 1993, he entered a guilty plea. On March 30, 1993, he had a urine screen which was positive for marijuana.
 
 
 3
 Although Thompson admitted his criminal conduct, provided helpful information to the government, and attempted some undercover work, the district court found that he had not accepted responsibility because the one positive urine screen showed that he had not terminated his criminal conduct or associations. He argues on appeal that one instance of drug use is insufficient reason to deny him the acceptance of responsibility adjustment. During the sentencing proceeding, defense counsel stated that Thompson's use of marijuana occurred while he was engaged in undercover activity; the government disputed this. On appeal, Thompson asserts that his continued drug use was the result of addiction, but is compatible with remorse, and is not sufficient reason to deny him an adjustment under 3E1.1.
 
 
 4
 Whether a defendant has accepted responsibility is a factual determination, reviewed on appeal under the clearly erroneous standard. United States v. White, 875 F.2d 427, 431 (4th Cir. 1989). The district court here found that continued drug use after a guilty plea to a drug offense was inconsistent with acceptance of responsibility. We do not find this determination clearly erroneous.
 
 
 5
 The judgment of the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 United States Sentencing Commission, Guidelines Manual, § 3E1.1 (Nov. 1992)